IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LARRY CHARLES,:  :
        Petitioner,      :
                                     :
    v.                                :      Civ. Nos. 13-7548, 14-189
                                     :
LAUREL HARRY, et al.,      :
        Respondents.  :
                                   :

**O R D E R**

        Petitioner Larry Charles has filed *pro se* objections to Magistrate Judge Heffley's Report and Recommendation regarding his Petition for habeas relief.  (Doc. Nos. 19, 21); 28 U.S.C. § 2254.  I will overrule the objections, adopt Judge Heffley's recommendations, and deny the Petition.

**I.**      **STANDARD OF REVIEW**

        I must review *de novo* those portions of the Report to which timely, specific objections have been filed.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part" the Judge Heffley's findings or recommendations.  Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

        I may grant habeas relief only if the state courts' adjudication of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted

in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To warrant habeas relief, the state courts' decision must be "objectively unreasonable;" I may not grant relief "merely because [I] conclude that the state court applied federal law erroneously or incorrectly." Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005); see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court.").

## II.     BACKGROUND

The Commonwealth charged that over the course of more than five years, Petitioner, a former criminal defense attorney in Philadelphia, sexually abused six girls aged five to sixteen. Commonwealth v. Charles, No. 893 EDA 2008, slip op. at 2 (Pa. Super. Ct. May 3, 2010). The abuse stopped on January 15, 2007, "when he was caught, naked, with a 14-year-old victim in the lawyer's lounge of the Criminal Justice Center in Philadelphia." Id. On September 10, 2007, Petitioner pled nolo contendere to sixteen counts, including rape, involuntary deviate sexual intercourse, unlawful contact/communication with a minor, aggravated indecent assault, and indecent assault. (Pet., Doc. No. 1 at 1); Charles, No. 893 EDA 2008 at 2. The Sexual Offenders Assessment Board evaluated Petitioner and determined that he was a sexually violent predator. Charles, No. 893 EDA 2008 at 2.

On December 20, 2007, the trial court sentenced Petitioner—who was 52 years old—to consecutive sentences for the most serious charge related to each victim: 6-12 years for rape of victim L.W.; 5-10 years for unlawful contact or communication with a minor, a second victim L.W.; 1-2 years for unlawful contact or communication with a minor, victim D.J.; 5-10 years for rape of victim J.T.; 1-2 years for unlawful contact or communication with a minor, victim K.W.;

and 6-12 years for rape of victim C.W. Charles, No. 893 EDA 2008 at 2; Charles, No. 953 EDA 2012, slip op. at 3 n.4, 5. The trial court also imposed a consecutive sentence of one to two years for indecent assault of the youngest victim, C.W., who was five to six years old when Petitioner raped and assaulted her. Charles, No. 953 EDA 2012, slip op. at 3 n.4. Petitioner received a concurrent sentence for the remainder of the charges. Id. His aggregate sentence was thus 25 to 50 years imprisonment. Charles, No. 893 EDA 2008 at 2. Defense counsel did not object to the aggregate sentence or any of the individual sentences. Id. Petitioner subsequently moved for reconsideration, asking the trial court to impose concurrent, rather than consecutive, sentences for all the charges. Charles, No. 953 EDA 2012 at 3. On February 21, 2008, the trial court denied the motion. Id.

On direct appeal, Petitioner argued that his aggreggate sentence was "arbitrary, excessive, unreasonable, shocking to the conscience, and disproportionate to the crime, and amounted to an abuse of discretion." Charles, 893 EDA 2008 at 2. On May 3, 2010, the Pennsylvania Superior Court ruled that Petitioner had waived these contentions because he did not raise them at sentencing or in his motion for reconsideration. Id. at 4-5. The Pennsylvania Supreme Court denied allocatur. Charles, 953 EDA 2012 at 3.

On January 13, 2011, Petitioner filed a *pro se* petition for relief under the Post-Conviction Relief Act. Id. The Court appointed counsel, who filed an amended PCRA petition on December 5, 2011, raising one claim: that trial counsel had ineffectively failed to challenge the discretionary aspects of the sentence. Id. at 3-4; Commonwealth v. Charles, CP-51-CR-005639-2007, slip op. at 1. On March 20, 2012, the PCRA Court denied relief, ruling that although trial counsel's performance was deficient, Petitioner had not demonstrated prejudice. Charles, 953 EDA 2012 at 4, 6. On August 17, 2012, the Superior Court affirmed. Id. The

Supreme Court again denied allocatur. (Rep., Doc. No. 19 at 3.)

On December 23, 2013, Petitioner filed the instant *pro se* Petition, alleging that: 1) trial counsel was ineffective in failing to preserve the sentencing challenge for appeal; 2) the PCRA Court and the Superior Court erroneously failed to grant Petitioner a *nunc pro tunc* appeal; and 3) Petitioner's sentence amounts to cruel and unusual punishment, violating his due process and equal protection rights, as it is effectively a life sentence. (Pet., Doc. No. 1 at 7.) I referred the Petition to Judge Heffley on April 30, 2014. (Doc. No. 8.) Respondents filed a Response on October 2, 2014. (Doc. No. 17.)

Judge Heffley filed her Report and Recommendation on February 27, 2015, concluding that all Petitioner's claims were meritless. (Doc. No. 19.) Petitioner filed objections on March 16, 2015. (Doc. No. 21.)

### III.  OBJECTIONS

Although couched differently, Petitioner's habeas claims—and the instant objections—all iterate and belatedly reiterate Petitioner's belief that his sentence was too long. Because, like Judge Heffley, I conclude that the state courts' decisions were not "objectively unreasonable," I will overrule Petitioner's objections.

    A.    *Ineffective Assistance of Counsel*

Petitioner first objects to Judge Heffley's rejection of his ineffectiveness claim.

*Standard*

Petitioner argues that Judge Heffley applied the wrong ineffectiveness standard: "[U]nbelievably, and without comment the Magistrate quotes the Superior Court incorrectly stating that [Petitioner] had to establish that the outcome of the challenged proceeding 'would have been different.' . . . [A] Petitioner does not have to show that he 'would' definitely succeed

with his ineffectiveness claims." (Pet'r Obj., Doc. No. 21 at 7.) In fact, Judge Heffley quoted the Superior Court's recitation of the correct prejudice standard: "[A]ppellant had to establish that but for counsel's failure to properly challenge his sentence, 'there is a reasonable probability that the outcome of the challenged proceeding would have been different.'" (Rep., Doc. No. 19 at 10 (quoting Comm. v. Charles, 953 EDA 2012, slip op. at 7 (citing Comm. v. Whitmore, 860 A.2d 1032, 1036 (Pa. Super. Ct. 2004)))); see also Strickland v. Washington, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Accordingly, I will overrule the objection.

*Sentencing Considerations*

Petitioner argues that Judge Heffley did not adequately address the sentencing court's failure to consider Petitioner's potential for rehabilitation. Although his contention is not entirely clear, Petitioner seems to argue that he has demonstrated prejudice from his trial counsel's failure to object to the manner in which the sentencing court considered rehabilitation. I disagree.

At sentencing, the Commonwealth presented the testimony of an expert who found that Petitioner's risk of recidivism was high. N.T. 12/20/07 at 43, 65, 68. Petitioner presented expert testimony that his recidivism risk was in the "moderate range," but, with proper intervention, could be "relatively low to moderate." Id. Before pronouncing sentence, the court explained:

> And also taking into consideration the rehabilitative needs of you, Larry Charles, to the extent there are any, because I don't know what they are. I think you've heard me say that with both doctors that testified here this morning. That to me, at this point is speculation; but nevertheless, that testimony has been seriously considered.

Case 2:13-cv-07548-PD   Document 23   Filed 07/30/15   Page 6 of 12

> I also from a personal viewpoint agree with the district attorney here, I can't believe that if you were out on the street that you would ever stop. And perhaps my effort here is to try to stop you as best I can.

(N.T. 12/20/07 at 166-69.)

The sentencing judge thus took into account Petitioner's capacity for rehabilitation, and found that if Petitioner were "out on the street" he would continue assaulting underage victims. After examining the sentencing transcript, the Pennsylvania Superior Court ruled that Petitioner had not demonstrated that he was prejudiced by counsel's failure to object to the sentencing court's finding. Charles, 953 EDA 2012 at 9-11. Because construing the expert testimony was certainly the sentencing judge's prerogative, it appears that counsel's objection to that construction would have done little more than confirm counsel's disagreement with the judge. In light of the trial court's "serious[] consider[ation]" of the testimony of two experts regarding recidivism, it is thus highly unlikely that an objection would have resulted in a different sentence. In these circumstances, the Pennsylvania Superior Court's ruling that Petitioner had failed to show prejudice was not "contrary to, or . . . an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254. Accordingly, I will overrule the objection.

*Federal Law*

Petitioner objects to Judge Heffley's characterization of his sentencing challenge as being primarily based on state law. (See Doc. No. 19 at 11 (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Milton v. Graterford, No. 1:09-CV-1477, 2010 WL 5060199, at *1-3 (M.D. Pa. Dec. 6, 2010) (sentencing is a state law question, and a sentence does not implicate federal law if it falls within statutory bounds).) Petitioner is correct that his ineffectiveness claim is based on federal constitutional law. See Strickland, 466 U.S. at 694.

Page 6 of 12

Judge Heffley plainly understood this. Like Judge Heffley, I conclude that because Petitioner has not demonstrated prejudice, there was no ineffectiveness. In these circumstances, I will overrule the objection.

### B. *Prejudice Inquiry*

Petitioner repeatedly objects to the Superior Court's prejudice inquiry, and Judge Heffley's recommendation that it remain undisturbed, arguing that "prejudice should have been presumed." (Pet'r Obj., Doc. No. 21 at 8, 9.) I disagree.

Prejudice is presumed when a defendant is deprived of counsel entirely, or when counsel's ineffectiveness deprives a defendant of an entire procedure, such as an appeal. See United States v. Cronic, 466 U.S. 648, 658-59 (1984) ("Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated. . . . There are, however, circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. Most obvious, of course, is the complete denial of counsel."); Roe v. Flores-Ortega, 528 U.S. 470, 482-84 (2000) (applying a "presumption of prejudice" to cases where counsel fails to file a notice of appeal, and defendant shows a reasonable probability that he wanted to appeal).

As Judge Heffley noted, counsel's failure to object to Petitioner's sentence did not deprive Petitioner of counsel or of the appellate process altogether. (See Doc. No. 19 at 13.) Petitioner has not cited any Supreme Court authority that failure to preserve an issue for appeal is tantamount to the outright denial of an appeal, warranting the presumption of prejudice. In these circumstances, I conclude that the Superior Court's application of the Strickland standard, requiring the showing of prejudice, was neither "contrary to" nor "an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States."

28 U.S.C. § 2254. Accordingly, I will overrule the objection.

### C. *Sentencing Procedure*

Judge Heffley rejected as procedurally defaulted and non-cognizable Petitioner's arguments that his sentencing procedure violated the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment. (Doc. No. 19 at 14.) Petitioner objects.

*Procedural Default*

Judge Heffley found that these sentencing claims were procedurally defaulted because Petitioner never raised them in state court. Petitioner argues there was no procedural default because: (1) PCRA counsel was appointed solely to raise counsel's ineffectiveness, and so was not given an opportunity to present other claims; and (2) Petitioner nevertheless presented these claims. I will overrule these objections.

Even assuming, *arguendo*, that PCRA counsel was appointed to allege only trial counsel's ineffectiveness, that would not have precluded him from arguing that counsel was ineffective for failing to raise the Fourteenth and Eighth Amendment claims. Plainly, Petitioner has not made out the "cause" required to overcome procedural default. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977) (a petitioner attempting to excuse a procedural default must demonstrate "cause" and "prejudice"); Coleman v. Thompson, 501 U.S. 722, 753 (1991) ("interference by officials ma[king] compliance impracticable" constitutes "cause"). Moreover, Petitioner himself failed to raise these Fourteenth and Eighth Amendment claims at the PCRA stage—before counsel filed an amended petition. (PCRA Pet.; PCRA Am. Pet.) Indeed, Petitioner did not raise a constitutional claim at sentencing or on direct appeal, and has not sought to excuse his failure to do so.

To the extent that Petitioner argues that his failure to raise these issues earlier was the

result of ineffective assistance of trial counsel, he has failed to demonstrate prejudice. Petitioner offers no federal authority requiring more process than he was afforded, identified a way in which he was treated differently from similarly situated individuals, or explained how his punishment is "cruel and unusual." He has merely argued that the sentencing judge should have made a finding regarding his potential for rehabilitation, and added a constitutional label to the claims. He has not shown, however, that an earlier assertion of these relabeled claims would have resulted in a different outcome. See Murray v. Carrier, 477 U.S. 478, 493 (1986) (habeas petitioner attempting to excuse procedural default must show "actual prejudice").

Petitioner also argues that he in fact did present these claims to the PCRA court, but simply failed to identify the constitutional provisions by name. This is simply untrue. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (internal citations and quotation marks omitted)); Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007) ("A petitioner can 'fairly present' his claim through: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." (internal citation omitted)).

At the PCRA, Petitioner raised the federal ineffectiveness standard and state authority regarding sentencing, and made no mention of Due Process, Equal Protection, or the Eighth Amendment. (PCRA Pet., PCRA Am. Pet); Colon v. DiGuglielmo, No. 05-cv-4343, 2007 WL 4976518, at *7 (E.D. Pa. Apr. 11, 2007) ("[A]ny attempt by Petitioner to convert this claim into

a federal issue by adding 'Due Process' language for the first time in this forum results in an unexhausted and procedurally defaulted claim.").

In these circumstances, Petitioner failed fairly to present his constitutional claims.

*Cognizability*

To the extent that Petitioner presented these claims in state court, I agree with Judge Heffley's conclusion that Petitioner merely seeks to challenge his sentence under state law, and this claim is non-cognizable in federal court.  See Milton v. Graterford, No. 1:09-cv-1477, 2010 WL 5060199, at *1 (M.D. Pa. Dec. 6, 2010) ("[A]bsent some constitutional violation, it is clear that, particularly in the area of state sentencing guidelines, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure.  Accordingly, a federal court will not reevaluate a sentence in a habeas corpus proceeding unless it exceeds statutory limits." (internal citations and quotation marks omitted)).  Petitioner's sentence was within the statutory limits under Pennsylvania law.  Charles, 953 EDA 2012 at *9.  Accordingly, I will overrule Petitioner's objections.

### D. *Evidentiary Hearing*

Petitioner also objects to Judge Heffley's refusal to conduct an evidentiary hearing. (Pet'r Obj. at 5.)  I agree with Judge Heffley.  In exercising my discretion when considering Petitioner's request, I must "focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim."  Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000).  Because the pleadings here clearly demonstrate that Petitioner's claims are procedurally defaulted, non-cognizable, meritless, or all three, a hearing would be pointless.  Accordingly, I will overrule the objection.

>    E.   *Certificate of Appealability*

Finally, Petitioner objects to Judge Heffley's recommendation that I decline to issue a certificate of appealability. (Pet'r Obj. at 1-4, 21.) Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). No "reasonable jurist" could conclude that the Superior Court's disposal of Petitioner's ineffectiveness claim was "contrary to" or an "unreasonable application" of United States Supreme Court authority. See 28 U.S.C. § 2254; Slack v. McDaniel, 529 U.S. 473, 484 ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Moreover, Petitioner's failure to present Due Process, Equal Protection, and Eighth Amendment claims in state court constitutes a "plain procedural bar." Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). In these circumstances, there are no grounds to issue a certificate of appealability.

**IV.   CONCLUSION**

**AND NOW**, this 30th day of July, 2015, upon consideration of the pleadings and record herein, and after careful review of Judge Heffley's Report and Recommendation (Doc. No. 19) and all related filings, it is hereby **ORDERED** that:

>    1.   Petitioner's objections to the Report and Recommendation (Doc. No. 21) are **OVERRULED**;
>
>    2.   Judge Heffley's Report and Recommendation (Doc. No. 19) is

**APPROVED** and **ADOPTED**;

3. There are no grounds to issue a certificate of appealability; and

4. The Clerk of Court shall mark this case closed for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____
Paul S. Diamond, J.